T.C. Summary Opinion 2008-164


UNITED STATES TAX COURT


JOSEPH JELLEN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 16985-07S, 22720-07S.  Filed December 29, 2008.


Joseph Jellen, pro se.

<u>Blaine C. Holiday</u>, for respondent.


SWIFT, <u>Judge</u>:  These consolidated cases were heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petitions were filed.  Pursuant to section 7463(b), the decisions to be entered are not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined deficiencies of $2,715 and $2,653 in petitioner's respective Federal income taxes for 2004 and 2005.

The issue for decision is whether Social Security disability benefits petitioner received are taxable under section 86(a).

Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the years in issue.

## Background

Some of the facts have been stipulated and are so found. At the time the petitions were filed, petitioner resided in Minnesota.

In 2004 and 2005 petitioner received $20,971 and $21,530, respectively, in Social Security disability benefits, but petitioner did not report any portion thereof as income on his 2004 and 2005 Federal income tax returns.

On audit respondent applied the formula set forth in section 86(a) to the Social Security benefits petitioner received in calculating the portion thereof that was to be treated as gross income to petitioner in 2004 and 2005.

## Discussion

Section 86(a) provides that gross income includes Social Security benefits received, in an amount equal to a prescribed formula. Section 86(d)(1) describes Social Security benefits as "any amount received by the taxpayer by reason of entitlement

to--* * * a monthly benefit under title II of the Social Security Act". Title II of the Social Security Act provides for disability benefits. Since 1984, Social Security disability benefits have been treated in the same manner as other Social Security benefits. Maki v. Commissioner, T.C. Memo. 1996-209. These benefits are subject to tax under section 86(a).

Petitioner's only argument is that respondent's instructions and guidance to taxpayers as to the taxability of Social Security benefits are confusing and unclear and therefore that the Social Security disability benefits he received in 2004 and 2005 should not be subject to taxation under section 86(a).

We are sympathetic with petitioner's complaint about unclear guidance to taxpayers that occasionally appears in respondent's instructional publications, but petitioner is not thereby excused from paying required Federal income taxes on the Social Security benefits he received. We sustain respondent's adjustments to petitioner's Federal income taxes for 2004 and 2005.

To reflect the foregoing,

Decisions will be entered for respondent.